Yes, of course. Thank you. The next case this morning is 24-3078 United States v. Gulley. When counsel is ready, you can make your appearance and proceed. Chief Judge Holmes, may it please the court. My name is Dan Hansmeier. I'm with the Federal Defender's Office and I represent Teagan Gulley. The issue in this case is whether the district court had jurisdiction to revoke Mr. Gulley's expired supervised release term under 18 U.S.C. section 3583I. We've presented two interrelated and sort of symbiotic reasons why that's true. I do, I think for purposes of today, I'd really like to make four points. And briefly, so those four points are, first, the seven-month delay was not, quote, reasonably necessary for the adjudication of matters arising before the term's expiration, as the statute requires. Because the reason for the delayed revocation, the pending municipal court charges were resolved by the time of the November 2023 hearing, and Mr. Gulley admitted the violations at that hearing. The second point is that this conclusion still follows, even though we alternatively asked the district court to delay disposition for six months at that hearing, because that alternative request had nothing to do with resolving the revocation of the expired supervised release term, and because a party cannot waive a court's jurisdiction. The third point is whether the six-month continuance was an unlawful extended supervised release term under section 3582E2 is, at this point, I think, maybe more of a distraction than anything else. The briefing, in rereading the briefs, this becomes a huge deal, and I'm not sure that it's that important. I'm about to ask you about it. And I think it's not as important as it comes across in the briefs for two reasons. That's because the government agrees, well, I guess it's just one reason, but the government agrees that the term expired in October 2023, and further agrees that the district court could only revoke under section 3583I. And that means that there is no dispute that the term was expired in May 2024, which would be the result if the extended term was lawful, if that makes sense. So that sort of point, I think, becomes less important with the government's agreement that we are in 3583I territory, which was not clear that, to me, they were going to say that when we wrote the opening brief. And you don't challenge the extension of the terms of supervised release. Yeah, no, there's no remedy for that. I can't even get a remedy for that. So I wanted you to get to your fourth point. Do you want to get to your fourth point? I can say it real fast, and it's just putting all that aside. The district court also delayed the hearing, not, again, for the adjudication of matters arising before the term's expiration, but instead to supervise Goley for an additional six months and to revoke his supervision, or not, based on his post-expiration conduct. And that, too, violates the statute's plain language. I'm sorry, will you say your last point one more time? Yes. So, putting everything else aside, the district court also delayed the hearing, not for the adjudication of matters arising before the term's expiration, but instead to supervise Goley for an additional six months and to revoke his supervision, or not, based on his post-expiration conduct, which also violates the plain language of the statute. So those are my four points. Okay. Here's where I'm stuck. Yeah. In order for you to prevail on a jurisdictional challenge under 3583I, we have to get there. Yeah. And the first question that I have is, we're reading the district court's order continuing supervised release, and government seems to take the position that the term was unlawfully extended. It plainly was. I mean, that's what it says. Yeah. But you didn't object to that. Yeah. And I don't know what to do with that, to get through the E-2 gate into I. So I don't think there is an E-2 gate. I think that argument, so the reason why that argument was important to me in the opening brief was because if you think about it, if the extended term was somehow lawful, in May 2024, the government could argue that 3583I does not apply because what was the term is no longer expired. Right. We're in E-3. But that's not the universe. Right. So we're not there. So I think whether it was on that E-2 argument is, I mean, I think it's absolutely correct. But don't you need that argument to get an availing issue for the jurisdictional challenge? In other words, don't you have to say that by the time the delayed revocation hearing occurred, the delay wasn't reasonably necessary because it was to adjudicate an unlawfully extended term? I mean, that's one way to say it. I think the other way to say it is simply that it wasn't reasonably necessary because the pending charges had been resolved and he admitted the violations. I mean, I think that's a perfect, that's another way to get there that is just as simple and correct. And the point there is simply that in November 2023, there is zero reason why the term shouldn't have been revoked then. And the continuance was nothing more than to determine what he was going to do post expiration. Well, it seems that you asked for the continuance.  And instead of getting a continuance, you got an unlawfully extended supervised release term that you didn't object to. Yes. I mean, I think all of that is true. I do think the continuance, it's kind of frustrating because I'm not entirely sure the attorney meant to, I don't think she was asking to continue the revocation part of the hearing. I think she meant continue the sentencing, which is a little different. I mean, the district court clearly did not interpret her request that way. And he continued everything. Well, he granted a continuance on the disposition of the eight violations. I think that's true. Yes, he did not revoke in November 2023, correct? Well, he said in his order that the violations were stipulated to. He accepted the stipulation. And then he says sentencing is deferred. If that was where the period ended and the order ended, I think we'd be talking about something different. But then he goes on to say the term of supervised release will be continued for six months. I don't think there's any dispute that that's an unlawful extension of supervision that you didn't object to. And I still don't know what to do with that in thinking about how to address your jurisdictional challenge. Well, if you think that's important, I mean, the government hasn't cited a case where the factual basis for a jurisdictional challenge wasn't raised below and that therefore means the jurisdictional issue can't be raised. And I think when you look at this court's press, I mean, we've lost multiple cases where, you know, we cite CD, United States against CD, which is our case where the government agreed in the district court in this court that there was jurisdiction. And this court said we don't care. There's not. And I don't see how that's any different here. I mean, any time a party concedes jurisdiction, they're also conceding the factual premise of it. And I think going back to sort of the conversation I had with Judge Carson, I think this is important. We did not appeal the 3582E2 violation. That's not why we're here. So we're not seeking a remedy for that order. And so whether we raised it or not, I look at it as a historical fact. I mean, it is simply a historical fact that on November 23rd, 2023, the district court imposed an unlawful extended supervisor's lease term. That is a fact. And I don't think the fact that we didn't raise our hands and say that means that this court can just ignore a jurisdictional issue. So the fact that is what we would import into understanding if it's reasonably necessary is awaiting the end of an unlawfully extended term of supervision? I mean, that's one way of looking at it. I think, again, the other way of looking at it is that everything that needed to happen to revoke had happened, and that the reason for the delay was to see what he was going to do post-expiration. Well, what if he had been placed, instead of this last sentence in the district court's order, what if the court said, I accept your stipulation, and I'm going to defer sentencing. I'm going to put you on bond. Yeah. For six months.  And just see how you do. Different? Did he revoke? Well, I don't know if he revoked. He stipulated. He said he'd accept the stipulation. Right. So it's hard to know what he did. But let's assume that it is bifurcated in that way. Yes. He revoked, and then guess what? Yes. If he revoked, I don't think I'm here today. I think that's dispositive. In November 2023, if he would have revoked the term, then I'm not here today. I think maybe there's an argument. Somebody else might make the argument that you can't continue sentencing. But, I mean, there's an 11th Circuit case that says that's fine. So I'm not making that argument. All right. I thought I fully understood this case. I have some questions now based on this argument. And so let me say this. Okay. Your first point was that the court essentially knew everything it needed to know to make a decision.  The operative term then becomes reasonably necessary. And it seems to me that if that is your position, we're in a situation of determining whether we think the court is the error at issue here at the NoVo issue. Is this an issue of law then? Right? Yes. Okay. We're in the position of determining whether it was beyond the bounds for the court to try to determine how he would operate during this extended period of time. What sort of conduct did he exhibit during this extended period of time so that he could evaluate how it should deal with these factually stipulated violations, right? Yes. Well, where's your evidence? I mean, where's your authority to show that's not reasonable? Why is that unreasonable? Okay. So a few points. One, the language is reasonably necessary, not reasonable. But it's also more than that. Well, help me with this. Reasonably necessary, if I want to get a better sense of what this guy is about before I decide what I want to do for pre-expiration conduct, why can I not make an argument that that is reasonably necessary for me to exercise my sentencing judgment? So I need to know what authority says I can't do that. Okay. So two reasons. So if I can explain this. The language of the statute is not just reasonably necessary. It's reasonably necessary for the adjudication of matters arising prior to the term's expiration. And I said that's exactly what I'm doing. But here's what you're doing, though. But you're making that determination based on post-expiration conduct. You're not making you are. Yes, you are. And that's the problem. Well, if adjudication includes how do I revoke, what is the sentence that I give him upon revocation? If I get a better sense of how the individual is during that six months, which his defense lawyer asked for, so it can't be entirely unreasonable since the defense lawyer was asking for exactly that. So we're talking past each other. So my second point is that I don't disagree that if we're talking about sentencing, that if he had revoked and continued the sentencing, as I just told Judge Rossman, I wouldn't be here. So, yes, I agree with you that if there is a revocation and then a continued sentencing hearing, that is a different situation than what we have here. Does the statute use the word adjudication? Yes, adjudication. It seems to me you're caboting the word adjudication to mean revoke or not revoke. Why can't adjudication mean revoke and what sentence I'm going to give him when I revoke? Well, I think it's to both those things. That's what this Court said in Ruby, that there's a distinction between those two things. So I think you have to take them on their own terms. And if the revocation can be done by the time of the hearing, then that in and of itself is a violation putting aside the sentencing. So is your position that Brooms had to use the magic words, I revoke? I mean, basically, yes. Okay. I mean, they are magic words. So I couldn't sit as a trial judge and have someone come to me and say, Your Honor, the defendant has admitted the violations. And I say, okay, I accept his admission and I'm going to proceed to sentencing. At that point, he's not revoked? Well, I mean, that's a different situation. I mean, it's clear from the record that he didn't revoke. I mean, I think if there's an implication that he did revoke, this is a different case. But it's clear from the record that he didn't revoke. I do want to reserve time. And I will give you time. I want to understand, what's your authority for the position that adjudication equals revoke? What's the case that says that? Well, that's a good question. I mean, we didn't really get into the term adjudication. Well, I mean, you're telling me the thrust of your argument is adjudication equals revocation. And if he didn't revoke, then it could be reasonably necessary for the adjudication of this proceeding. If my determination is adjudication includes whether I revoke and what sort of sentence I want to give that individual. I thought I heard you tell me that, no, those are two distinct things. And if those are two distinct things, then I also understood from your revocation. And what's your authority for that? Well, I mean, I think to adjudicate is to judge. Well, a judge includes what I'm going to do with the guy. Yeah. I mean, I think even if you take the word adjudication and say that includes the sentencing, the problem is still that there is this distinction in this court's precedent between the revocation stage and the sentencing stage. And the statute requires that the adjudication be reasonably – I mean, there's still a – I guess what I'm saying is that the reasonably necessary requirement applies to both of those things. So you can't just say, well, the delay in revocation was not reasonably necessary, but we're going to ignore that because it was reasonably necessary for sentencing. I don't think that's the proper way to read the statute. Well, did he have to revoke upon the stipulations? I think he did, yeah, because this was an expired – and this is only because we're in the expired supervised release term world. But yes, I mean, once that happens, then he needed to revoke, yes. Okay. Can I ask one more question? Yes, and I actually have follow-ups, but please go. As your jurisdictional argument on 3583I, the statute has two components. One of them is you have to have a warrant or summons issued before expiration.  And it's easy for me to buy the idea that that's jurisdictional. You don't get a warrant, you don't get a summons. By the date of expiration, you lose. But I was racking my brain trying to come up with another statute where you have a term like reasonably necessary, where there's something that seems like a discretionary decision on the part of the district court that also must be made and that something reasonably necessary has to happen in order for there to be jurisdiction or no jurisdiction. Can you think of any analogous statute, anything similar to this? I don't know. I haven't given that any thought. How should we be thinking about the words power of the court in the statute, statutory text? Yes. No, I mean, I think the simple, if your concern is that the only portion of the statute that is jurisdictional is the warrant part, that, I mean, there's just no cases that say that. We've cited. I agree. So, I mean, that's, I mean, I think every single court of appeals has recognized that the language I'm talking about is jurisdictional. So on the reasonably necessary front, does it matter to you at all whether the extension was unlawful and that this period of sort of testing that took place during an unlawfully extended term? I mean, does that matter? I mean, I think it's helpful. I think we still win if it's not. How is it not dispositive? I mean, or at least much more than helpful? Don't you need that to be so? I mean, it seems that without that unlawful extension of time that, you know, you certainly didn't object to, but it occurred. Once we get to understanding whether the court has the power under I, well, we've been awaiting the results of an unlawful act, the unlawful extension of supervision. But it seems you're not pressing that argument or you don't want us to think about the case in that way. No, I'm fine. You're fine with that? I'm fine if that's the way I want it. We're not making an argument for you. I mean, that is my argument. I mean, we made that argument extensively in the brief. I just feel. I thought that's what you were arguing in your briefs. And I'm surprised now that you're sort of either walking it back a little bit or saying it's of diminished importance. Right. I don't want to do that. I just feel like the briefs got confusing. And I was just trying to hope to clarify a little bit by explaining that whatever else happened, the things that were pre-expiration, he admitted on November 23rd, 2023, there's no reason to extend even. There's just no reason. I don't find that argument compelling. Okay. Then I'll go with this one.  So we'll give you some time. Okay. Thanks. Thank you. Thank you. Good morning, Your Honors. Brian Clark for the United States. May it please the Court. I feel the ground shifting beneath me a little bit. I thought I understood the case as well, Chief Judge Holmes. And if I understood correctly, Mr. Hansmeier sort of walked away from the primary argument in his brief and suggested that the E2 issue essentially has dropped out or is not.  Well, I didn't understand him to disclaim it. Certainly not at the end. Right. And so that being the case, let's focus on what our mutual understanding of the case was.  Happy to. And as it relates to that, my concern would be on the jurisdictional front and focusing on the reasonably necessary component of that, how would it be reasonably necessary to essentially evaluate conduct during an unlawfully extended term? I am, this is, your term is ending now. And let's, you know, granted, I assume the Court didn't know it was doing this, but let's, your term is ending now. And I'll tell you what I'm going to do, Mr. Gulley. What I'm going to do is I'm going to extend your supervised release, keeping you under all the conditions associated with supervised release, which we've talked about as being deprivation of freedom. I'm going to extend you for six months unlawfully, but that's going to help me evaluate your conduct during that unlawfully extended six months will help me to determine what I'm going to do for the pre-expiration period. Right. How can that be reasonably, and that's the operative word, necessary? Right. So I think it's helpful to look back at the November 2023 revocation hearing where the district court was grappling with Mr. Gulley's history and with his, you know, long list of violations and argument by defense counsel saying that Mr. Gulley had entirely turned his life around and shouldn't be sent back to  As I read that transcript, the district court judge was sitting there, you know, on the cusp of ready to send Mr. Gulley back to prison and probably for a year, but was persuaded by defense counsel to give Mr. Gulley the additional time that he thought he needed to prove to the district court that he had gotten his life in order and shouldn't be sent back to prison. And so was that additional time necessary to determine revocation? I'm sorry. But by doing that very thing that you just described in an unlawful way, the court then was deprived of jurisdiction under I. I think that's, how is that wrong to think about it that way? I think that's not the right way to think about it because the jurisdictional inquiry under I is different than the separate inquiry under E2. And I took Mr. Hansmeier to be acknowledging that, that they didn't object regarding E2. The only question here is whether the delay was reasonably necessary. Now, maybe the lawfulness of the extension or of the delay, you know, could go into that, could be one of the factors in the mix. But I also think it would be entirely sort of unreasonable not to also consider the fact that Mr. Gulley asked for that additional time so that maybe he wouldn't have to go back to prison. Well, he didn't ask for an unlawful extension of his terms of supervision. He asked for six months to sort of prove himself to the court, and the court indulged that request. So he certainly, I don't read this record as suggesting that he invited an error that the court committed. He didn't object once the court extended the term unlawfully. Do you agree with that? No, I would disagree with that. And I think what you're putting your finger on is a difficulty reading the record through a new lens that is now adopted on appeal, because obviously Mr. Gulley was asking for additional time. The district court was trying to give it. There's some language, obviously, in the written order that you pointed to earlier that says that the term of supervised release is continued. But then there are other statements in the record that point to the district court giving Mr. Gulley what he wanted. Well, let me ask you actually to clarify, because I wasn't sure from the government's brief. Yes. Do you agree that the term of supervision, Mr. Gulley's term of supervision, was unlawfully extended by six months? I think what the district court did was continue the revocation hearing and delay disposition of the violation. That doesn't answer my question. Right. And I think there's a disagreement. I don't think that the term of supervised release was extended under Section 3583E2, no. And I understand that reasonable. It's the term of supervised release will be continued for six months with the previously ordered conditions to remain in effect. Right. And I readily acknowledge that there are parts of the record, and you just listed I think the primary one that Mr. Gulley points to, where the district court does indicate that maybe that is what he's doing, and I understand that reasonable minds could differ. But I do think when you read the record as a whole, all the district court judge was doing was trying to give Mr. Gulley what he wanted. But that's a different issue from whether the court extended his supervised release. Let's assume that Mr. Gulley said, look, give me those six months. Right. And if that means give me additional supervised release, I want that too. Right. That doesn't impact what happens at the end of the six months, because we're talking about jurisdiction. That's blameless, you know. Sure. It doesn't involve culpability. The question is whether the court has the power to act. And so whether Mr. Gulley, you know, we could talk about in terms of whether Mr. Gulley asked for the continuance but not the extension of supervised release. That's one argument. Yeah. The other argument would be, okay, well, he asked for them both. Even if you assume he asked for them both, that doesn't change the fact that at the end of that six months, we have to evaluate did the court have the power to act.  And that turns on whether it was reasonably necessary to do that. Right. Correct. And so the question in terms of whether those two things are connected, I find it hard to understand why it cannot be connected that the court extended this period, which on the face of the record, whether it was focusing on it or not, on the face of the record, his term was expired. And so the court extended for six months to allow him to do whatever he does so the court can evaluate him. Why can't, what about, note, I'm not talking about necessary, maybe necessary. What about that as an almost categorical matter anyway, what about that can be reasonable? Well, it can be reasonable because there was still sentencing to be done. And the reason for the delay was so that Mr. Gulley would have additional opportunity to show the district court that the sentence shouldn't be additional prison time. Let's try it this way. Do you know of any case where a court can engage in an unlawful act and we will deem it to be reasonable? Not that I'm aware of. And, well, I'm struggling to know of one. I mean, if the court, if the question is reasonable, not reasonable, and the court for the best of intentions, pure heart, says, well, you know, the only way I'm going to get there is I'm going to have to do something illegal and I'm going to have to do something unlawful. And we sit here as a court of appeals and we have to decide whether that's reasonable. The law is what the law is. It categorically can't be reasonable for you to do that. Well, so I have a couple of responses. One, I think one of the premises of your question is that there was no lawful way for the district court to do what it had done. And I don't think that's accurate, right? So, for example, if the district court had simply said, I am continuing this hearing and said nothing else, said nothing about, you know, continuing a term of supervised release or any of those other things, then I think what would happen is the terms of Mr. Gulley's bond that was issued by the magistrate judge under the Bail Reform Act would continue. Those conditions were the same as the conditions of his term of supervised release. That's a totally different case. I think where it gets messy is some of the language and the fact that no one sort of had any of this in mind at the time. And I take your point, Chief Judge Holmes, that maybe none of that matters. But I think that looking at just sort of the strict sort of lawfulness of the delay, continuance, extension, whatever you want to call it, is only one side of the coin. And I think... And let's pause for a quick second. Sure. On your first yes, if the issue is, is there a way the court could have done this lawfully? The answer may well be yes. I mean, it could have just continued them. And I guess what I'm focusing on, and that's why at the most extreme level Mr. Gulley said, bring it. Give me all this stuff. I'll take it. Even if that's true, supervised release as a matter of law involves a deprivation of liberty. And so it is a distinction with a difference between continuing for six months and continuing the supervised release terms for six months. And on the face of that transcript, okay, I'll assume reasonable minds can differ. But on the face of that transcript, it says that he's going to extend it for six months. So his liberty has been taken away for an additional six months, which made it unlawful. Right? That's certainly Mr. Gulley's argument. We're in E2 zone now. You don't think that's unlawful? Right. So under E2, we're not arguing that this was a lawful extension under E2. We have never taken that position. All we've said is that it wasn't an extension under E2, that it was a deferred disposition or a continuance, that it was something else. But even for the sake of argument granting, that whatever label we want to put on it, that it was unlawful, I think what we need to do is get back to I and the statute and what it asks the court to look at. And the question is, okay, was it reasonably necessary? Was that additional six months reasonably necessary in the languages for the adjudication of matters that arose prior to the term's expiration? And the key dispute or rub or issue at that November 2023 hearing was sentencing. It wasn't really revocation. I think by the time that Mr. Gulley had admitted the violations and by the time the district court judge had accepted that, really the only question was sentencing. And with respect to sentencing, the district court really seemed to sort of struggle with, what should I do with Mr. Gulley? I see all these violations, but he's telling me he turned his life around. I think it's fair to say that it was reasonably necessary to have the Gulley would do to assess what's the appropriate sentence. In order to agree with your position, it seems we would have to overlook the unlawful extension, which is what the delay was. We're saying, using the word delay, what delay means here is this individual was on supervised release unlawfully for six months. And so we would have to overlook that in order to then be back within the scope of what is reasonably necessary in the normal case. This is an unusual case because of that. Yes, it is. Right? We would have to ignore that. In order to agree with your argument, how do we account for the unreasonable or unlawful extension of supervision and still endorse your position under I? Yeah, I agree with you that this is an unusual case. It's sui generis. I have not seen another case like this. I think I disagree, though, that you have to ignore the legality of the delay. I think you can look at it. But again, as I was saying to Chief Judge Holmes, I think that's only one side of the coin. The other side is that Mr. Gulley asked for it. Right? And he wanted it. And why did he want it? He wanted it because he wanted the additional time to be able to show the district court judge that he shouldn't be sent back to prison. That's why Mr. Gulley thought that the delay was necessary. He urged, sort of vociferously, the district court to give him the six months. Continue, sorry. I was trying very hard to come up with a hypothetical situation that might address this. And this is the rough one that I could come up with. Okay. I commit, okay, I murder somebody. And there are extenuating circumstances. You know, let's say it's a domestic abuse case. You know, I was a battered spouse or something. As a result of that, I am situated to get a lower sentence. And everybody agrees I'm situated to get a lower sentence under the sentencing scheme. Well, I come into court and that is what's provided for as a matter of law, that if you check these boxes, I'm entitled to this, a sentence that has a ceiling here. Let's say 10 years. Okay. I come into court and I've been thinking about it and I say, Your Honor, you know, I am so filled with remorse. I am so wracked with agony about what I did that I want the max. I want you to make me pay for what I did. So blow off that domestic abuse reduction and give me the max. So give me 25 years. Okay. I'm asking for it. Give it to me. I need it for rehabilitation. The court says, well, you know, I need to do justice. So I'm going to give you 25 years. That comes up on appeal. What do you think is going to happen? Reverse, probably.  And I think, and I've thought about that scenario, and I think one potential difference, although, granted, I haven't seen cases on this, I can't say for sure, but just sort of in conversation, I think one potential difference is that is an illegal sentence, right, under your hypothetical. That's illegal. And under my hypothetical. I'm not. Okay, I'm sorry. No, no, go ahead. Go ahead. No, under my hypothetical, yes, it is an illegal sentence. And what I was trying to roughly anyway do was say that when you extend unlawfully a person's supervised release term, I don't question at all Judge Broome was trying to do the right thing and do justice by this defendant. Don't question it for a moment. But when, by virtue of extending unlawfully his term, he has done something unlawful that the defendant may have wanted to effectuate a good. And just like my hypothetical, the defendant wants it, asks for the judge to effectuate a good, gives it to him, but it's still unlawful. Right. And I think a difference potentially is that an unlawful extension of supervised release, I don't know that that is necessarily the same as an illegal sentence. Well, the way that this is the same is you can't confer jurisdiction on the court, right? Right. So I think what you're saying is that by failing to object to the unlawful extension of supervision and indulging, you know, the court indulged this defendant, by the time we get to the delayed revocation, everything is good to go because the defendant never objected, so we can overlook the delay. But in doing so, we're sort of saying that the parties can just confer jurisdiction on the  The court doesn't have jurisdiction under, you agree that I is jurisdictional, right?  For purposes of this case, we've assumed that it is, for the reasons that Judge Carson was discussing.  And so then once we're there, we have to discern whether this delay is reasonably necessary to confer jurisdiction on the court. But if it's an unlawful delay, no jurisdiction. Well, I think an important point to make is I disagree that you need to overlook the lawfulness of the extension. What I'm saying is that the lawfulness or not of the delay is, is not a jurisdictional element in that way. It's not like CD, which Mr. Hansmeier cited because there the question was whether a jurisdictional element had been conceded or, and even if it had been, whether it had been satisfied, this court gets to say, because no one can confer, as you say, no one can confer jurisdiction on the court. The difference here is that the legality of the delay is not a jurisdictional element. The question here is whether the delay was reasonably necessary. Let me ask you something. So isn't it, isn't one problem with this, is that nobody challenged the illegal. I tend to agree with my colleagues. I think we're all in agreement that the extension of supervised release in and of itself was unlawful. Okay. Isn't the problem here that it wasn't challenged? I mean, it's being used collaterally in, in this case regarding eight violations that may have been, you know, were related, but not the same. Yes. I think that's absolutely right. And if the E2 issue had come up to this court directly, then I think what this court would say is invited air, it's waived. And I don't see why the outcome should be any different in this situation because the two inquiries are separate. You can, you don't have to overlook the lawfulness of the delay, but you also shouldn't overlook the fact that any error was invited by Mr. Gully and that there were good fact-based reasons in the record for the district court doing what he did. But then it seems that we would have to say that if he invited the error, the consequence of that invited error is jurisdiction where there otherwise wouldn't be any. And I don't think that we can say that, can we? I guess I disagree with the premise. I don't know that, I don't see those two issues as so intertwined that necessarily the jurisdictional question turns on the legality of the delay. I mean, I don't think you need to overlook it, but I don't think it's dispositive of the jurisdictional inquiry. You still have to ask whether the delay is reasonable. And do you, you asked me earlier, Chief Judge Holmes, if I could think of any other situation where there was, you know, an unlawful delay that nevertheless was reasonable, you know, as I stand here, I think of speedy trial, right? We have a speedy trial act, which is statutory. And then there's a speedy trial under the constitution. And I think it's well-established that just because the speedy trial act is violated, that doesn't mean that the speedy trial clause of the constitution is necessarily violated as well. So there's, you know, potentially one situation where you have a statutory violation, but not a constitutional one. And in, in, in sort of by analogy, you know, you could have an unlawful delay as you're saying, but it not necessarily be unreasonable under the totality of the circumstances. And, and just, and I see that I'm out of time. Something came up in the top side of the argument that I wanted to just close the loop on, just so we're clear. And it has to do with the statutory text and Chief Judge Holmes, you were asking Mr. Hansmeier about this distinction between revocation and what the statute means by adjudication of matters arising before the expiration of the term. And I would just point the court back to the statute. So the full phrase that, that was being discussed is the adjudication of matters arising before its expiration. That begs the question, what does adjudication mean and what are the matters? I think the best reading of the statute then is to look up back up to the first clause of the statute, where it says the power of the court to revoke the term of supervised release for a violation of a condition of supervised release and to order the defendant to serve a term of imprisonment. So it talks about both revocation and sentencing. So I think to sum all of that up, I think section 3583 I and adjudication of matters refers not only to revocation, but also to sentencing to both of them. And I don't, quite honestly, I don't understand why sort of separating revocation and sentencing or, or bundling them at the May 2024 hearing should matter at all. I have to wrap this up. I will let you know that I'm enjoying this argument a lot, but the reality is we gotta, we gotta, we gotta, we gotta move on. So I promised Mr. Hansmeier some time and we're somewhat reluctantly, I'm going to do that. And so, so I think you're right. Thank you for the time. I appreciate it. Thank you. All right. Let's go with three and a half minutes and we'll see where we are. You don't have to use it. Well, I'm not sure. So the, this distinction in the statute with revocation and sentencing, I would just note, this isn't briefed. I mean, this is not something that the government argued, but I mean, look, the statute is delayed revocation and it says the power of the court to revoke and the language the government just cited is parenthesized off into order. So I think my reading of the statute is correct. I think there is a power to revoke and a power to impose sentence and they are reasonably necessary for those things. And this case is about, this is a revocation case. I'm not here challenging the jurisdiction to sentence. So I just think that is, and I think that's why the briefing doesn't talk about this because this is a question about whether the court had jurisdiction to revoke, not a question about whether the jurisdiction had, the district court had jurisdiction to sentence. And that's, I don't really have anything else to say. I think I've probably said too much. Thank you, counsel. Thanks. As I said, enjoyed the arguments. Thank you very much.